UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HILLTOP CONSULTANTS, INC. DBA FRONTLINE MANAGED SERVICES, INC., <br><br>*Plaintiff,*<br><br> v. <br><br> MICHAEL CERVINO & JASON LACZKOWSKI, <br><br>*Defendants.* | Case No. 1:21-cv-2488-RCL |

## MEMORANDUM ORDER

Plaintiff Hilltop Consultants, Inc. DBA Frontline Managed Services, Inc. ("Hilltop") filed the present lawsuit against defendants Michael Cervino and Jason Laczkowski for breach of contract. *See* Compl., ECF No. 1. Defendants moved to dismiss, arguing that the complaint fails to state a claim. *See* Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No. 10. Hilltop filed an opposition, Pl.'s Opp'n, ECF No. 13, and defendants filed a reply in support of their motion, Defs.' Reply, ECF No. 15.

Upon consideration of the parties' filings, the applicable law, and the record herein, the Court will **DENY** defendants' motion to dismiss.

### I. BACKGROUND

At this stage of the proceedings, the Court considers the facts alleged in the complaint as true. Hilltop is a provider of administrative, financial, and information technology services to legal and professional service firms. Compl. ¶ 9. After Hilltop hired Laczkowski as a network engineer in 2018, Laczkowski entered into a "Confidentiality and Non-Solicitation Agreement" with Hilltop. Compl. ¶¶ 14 & 15; *see* ECF No. 1-2 at 1 (Laczkowski agreement). Hilltop hired Cervino

1

in 2020 as an "account manager," and he too entered into a "Confidentiality and Non-Solicitation Agreement" with Hilltop. Compl. ¶¶ 12, 13; *see* ECF No. 1-1 (Cervino agreement) Each agreement states that the employee:

> [W]ill not, in any capacity, directly or indirectly solicit, agree to perform or perform services of any type that Hilltop can render ("services") for any person or entity who paid or engaged Hilltop for Services, or who received the benefit of Hilltop's Service, or with whom Employee had any substantial dealing while employed by Hilltop for a period of twenty four (24) months after the last date upon which the Employee worked for Hilltop.

Compl. ¶ 16; *see* ECF Nos. 1-1, 1-2 at 1. Defendants resigned from Hilltop on August 31, 2021. Compl. ¶ 20.

Hilltop filed a complaint on September 23, 2021, contending that "Cervino and Laczkowski began soliciting, and performing services for, Hilltop's clients soon after leaving Hilltop under the name of Circle Square Consulting." *Id.* ¶ 21. Hilltop alleges that it "has lost at least three (3) clients to [d]efendants, with lost revenue amounting to approximately $50,000 a month." *Id.* ¶ 22. Accordingly, Hilltop seeks damages and an injunction against defendants. *See* Compl. 4–5. Defendants moved to dismiss, arguing that the "[t]he Complaint includes no factual assertions to support the legal conclusions that [d]efendants 'solicited' or 'performed services' in violation of the Agreements as those terms are defined in the Agreement." Defs.' Mot. 4–5. And defendants argue that Hilltop failed to "identify by name or specific description" the solicited clients. *Id.* at 6–7. Hilltop contends that these statements are indeed factual allegations—not legal conclusions as defendant argues—and that the Court must accept these statements as true for purposes of a motion to dismiss. Pl.'s Opp'n 3.

## II. LEGAL STANDARDS

To withstand a Rule 12(b)(6) motion, the complaint (and each challenged count) "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must accept as true all of the plaintiff's allegations of fact, and must also 'grant plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Edwards v. United States*, No. 18-cv-2560 (KBJ), 2020 WL 2800605, at *5 (D.D.C. May 29, 2020) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). "However, the court need not accept inferences . . . [that] are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III.   ANALYSIS

In the District of Columbia, "[t]o prevail on a claim of breach of contract, a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Pernice v. Bovim*, 183 F. Supp. 3d 84, 87 (D.D.C. 2016) (quoting *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015)). The existence of a contractual duty and damages are not at issue here. Hilltop alleges (1) that defendants had a contractual duty to not "directly or indirectly solicit, [or] agree to perform or perform services of any type that Hilltop can render" to Hilltop's clients and (2) that Hilltop has lost revenue of approximately $50,000 per month. Compl. ¶¶ 16 & 22. But defendants dispute whether Hilltop has adequately alleged a *breach* of that contractual duty. Simply put, the issue in this case is whether the statement that "Cervino and Laczkowski began soliciting[] and performing services for Hilltop's clients" after leaving Hilltop, Compl. ¶ 21, is a factual allegation that the Court must accept as true at this stage of the proceedings, or an unadorned (and inadequate)

legal conclusion. For the reasons set forth below, the Court concludes that Hilltop has adequately pleaded facts to support its breach of contract claim.

This jurisdiction adheres to a "liberal" standard for pleading breach of contract. *Pernice*, 183 F. Supp. 3d at 88; *see Badwal v. Bd. of Trustees of Univ. of D.C.*, 139 F. Supp. 3d 295, 319 (D.D.C. 2015) ("[T]he pleading standard for a breach of contract claim is not high."). A plaintiff claiming breach of contract must merely "describe . . . the nature of the defendant's breach." *Pernice*, 183 F. Supp. 3d at 89 (quoting *Francis*, 110 A.3d at 620); *see Nattah v. Bush*, 605 F.3d 1052, 1058 (D.C. Cir. 2010). "To identify the nature of defendant's breach, plaintiff must adequately allege defendant 'owed [him] a contractual obligation and then breached it.'" *Zaccari v. Apprio, Inc.*, 390 F. Supp. 3d 103, 108 (D.D.C. 2019) (alteration in original) (quoting *Chambers v. NASA Fed. Credit Union*, 222 F. Supp. 3d 1, 9 (D.D.C. 2016)). The complaint must include enough information to "give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer[ and] to prepare an adequate defense." *Burnett v. Am. Fed'n of Gov't Emps.*, 102 F. Supp. 3d 183, 193 (D.D.C. 2015) (quoting *Ihebereme v. Capital One*, 730 F. Supp. 2d 40, 47 (D.D.C. 2010)). Complaints that meet these requirements will survive a motion to dismiss even if they are "imprecise or vague." *Id.*; *see Pernice*, 183 F. Supp. 3d at 89.

Hilltop's complaint satisfies this minimal standard. Hilltop identifies the particular provision of the Confidentiality and Non-Solicitation Agreements applicable to defendants' conduct. The incorporated Agreements and complaint's citations to the Agreements explain what constitute prohibited "services" and parties to whom those services cannot be provided if defendants left Hilltop. And crucially, Hilltop does not allege that that Cervino and Laczkowski "breached the contract"; instead, it alleges that defendants "began soliciting[] and performing services" for Hilltop's clients. This identifies the specific nature of defendants' breach and is more

4

than an "unadorned, the-defendant-wrongfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While it is possible that Hilltop could have provided additional information about the nature of the breach, the Court finds that the allegations here are sufficient to plausibly state a claim and put the defendant on notice of the nature of plaintiff's contract claim. *See Badwal*, 139 F. Supp. 3d at 319; *Nattah*, 605 F.3d at 1058 (explaining that neither *Iqbal* nor *Twombly* "require[] a plaintiff to plead every conceivable fact" relevant to breach of contract claim).

The cases on which defendant relies are not to the contrary. *See* Defs.' Mot. 6. In each, the court found that plaintiff failed to adequately plead a *valid contractual duty*. *Smith v. Henderson*, 982 F. Supp. 2d 32, 48 (D.D.C. 2013) ("In other words, they have alleged no duty created via contract, either express or implied."); *Edmond v. Am. Educ. Servs.*, No. 10-cv-578 (JDB), 2010 WL 4269129, at *2 (D.D.C. Oct. 28, 2010) ("Without a contractual duty, there can be no breach of contract." (quoting *Ihebereme*, 730 F. Supp. 2d at 40)). Indeed, given the liberal pleading standard, breach-of-contract claims are rarely dismissed for failure to properly allege a material breach. *See Inova Health Care Servs. for Inova Fairfax Hosp. v. Omni Shoreham Corp.*, No. 20-cv-784 (JDB), 2021 WL 1405953, at *5 (D.D.C. Apr. 14, 2021) ("This is not surprising, since '[t]he determination whether a material breach has occurred is generally a question of fact' except in the extreme circumstance where 'there is only one reasonable conclusion' on materiality, in which case 'a court must address what is ordinarily a factual question as a question of law.'" (quoting *America v. Preston*, 468 F. Supp. 2d 118, 122 (D.D.C. 2006))). Here, Hilltop has properly "identifie[d] . . . [the] governing contractual provision, [and] an action or omission constituting a material breach." *Logan v. LaSalle Bank Nat. Ass'n*, 80 A.3d 1014, 1023–24 (D.C. 2013). That is enough.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby **DENIES** defendants' motion to dismiss. It is further

**ORDERED** that, in accordance with Federal Rule of Civil Procedure 12(a)(4)(A), defendants shall file their answer within fourteen days of this date; it is further

**ORDERED** that, in accordance with Local Rule 16.3, the parties shall meet and confer within fifteen days following the the filing of defendants' answer; it is further

**ORDERED** that, within fourteen days thereafter, the parties shall jointly submit (a) a written report outlining their discovery plan; and (b) a proposed scheduling order.

**IT IS SO ORDERED.**

Date:  2-2-22

Royce C. Lamberth
United States District Judge